IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALAM ALJAWAD : CIVIL ACTION
:
v. :
: No. 11-4321
SALAM MAJEED, et al. :

**MEMORANDUM**

Ludwig, J.                                                                                    January 30, 2013

      This is a breach of contract action. Jurisdiction is diversity. 28 U.S.C. § 1331. According to the complaint, in May 2010, plaintiff Salam Aljawad and defendant Salam Majeed entered into a joint venture whereby they would install energy-saving devices (motion sensors) in hotel rooms in return for payments that they would share. Complaint, ¶ 8. On March 6, 2011, defendant, in an e-mail, advised plaintiff he would not continue with the joint venture. Id., ¶14. In the interim, defendant is alleged to have received approximately $72,000 on account of work performed by the joint venture, which he deposited in his own accounts, or business accounts to which plaintiff did not have access, in violation of their agreement. Id., ¶15.

      On June 27, 2011, plaintiff commenced this action. Both plaintiff and defendant are pro se. By letter dated October 10, 2011, plaintiff advised the court that the parties had entered into a settlement agreement. Docket no. 8. The case was placed in suspense to permit the parties to implement the agreement. Docket no. 7.

      Subsequently, a conference was held to determine whether the parties had reached a final settlement of their dispute. Upon conference, the parties advised

that they had not done so. They were urged to retain counsel and the case was returned to civil suspense. Docket no. 14. On May 22, 2012, plaintiff filed a "Request to Proceed with Case," docket no. 15, confirming that the parties had settled the dispute set forth in the original complaint, but alleging that defendant had violated the terms of the settlement agreement, and demanding judgment against defendant on that basis. Id.

On August 9, 2012, a conference was held, during which both parties confirmed the existence of an executed and binding settlement agreement. Both parties also insisted that the other had violated the terms of that agreement. According to plaintiff, defendant did not make payments as required by the settlement agreement upon receipt of motion sensors from plaintiff. According to defendant, plaintiff did not supply the correct number of motion sensors and, therefore, defendant had no obligation to pay. The parties were ordered to submit evidence as to the delivery of the items in dispute. Docket no. 21.

On October 4, 2012, both parties submitted evidence in support of their respective positions. The evidence included affidavits and copies of relevant documents. The submissions will be treated as cross-motions for summary judgment on the issues whether a settlement agreement of the original dispute was reached and whether it has been violated.[1] For the following reasons,

---

[1] Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). In evaluating a summary judgment motion, "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The summary judgment standard does not change when parties have filed cross-motions for summary judgment . . . . If review of cross-motions reveals no genuine issue of material fact, then judgment may be granted in favor of the party entitled to

defendant's motion will be denied and plaintiff's motion will be granted, and judgment entered in favor of plaintiff and against defendant.

Based on the parties' submissions, the material facts are not in dispute. In late September 2011, the parties executed a settlement agreement. Exhibit 2 to plaintiff's submission (docket no. 23). In general, the agreement provides for payment to each party for work completed, division of projects not yet completed, and payment by defendant to plaintiff upon receipt of 50 percent of the motion sensors in plaintiff's possession. Id. The parties agree that the current dispute arises from paragraph 7 of the agreement, which relevantly provides: "The remaining balance of $24,225 that [defendant] still owes [plaintiff] will be paid within 90 days from the receiving of the 1263 units [motion sensors]." Id. The parties further agree that on November 4, 2011, plaintiff sent 1,248 motion sensors to a third-party to hold for defendant pending receipt of certain funds. Exhibits 1 and 2 to Defendant's "Submission of Evidence" (docket no. 22) (copy of Bill of Lading and photo of boxes shipped); plaintiff's submission, ¶¶ 2, 5-7. Because the shipment was short 15 pieces, defendant has refused to pay the amount specified in paragraph 7 of the settlement agreement.

Plaintiff has offered to deduct the price of the missing motion sensors from the total due under paragraph 7. Plaintiff's submission, ¶ 7 ("Each Motion Sensor is $8.75 so [defendant] can deduct whatever he is saying is short.") Moreover, plaintiff explained the shortfall – some motion sensors were missing from

---

judgment in view of the law and undisputed facts." Nationwide Mut. Ins. Co. v. David Randall Assocs., Inc., 2013 WL 271816, at *2 (E.D. Pa., filed Jan. 24, 2013)(citations omitted).

completed jobs and plaintiff was required to provide and/or install the missing sensors before receiving payment on account of those jobs. Plaintiff's submission, ¶¶ 3, 5. Defendant does not dispute this.

"'In Pennsylvania, a material breach by one party to a contract entitles the non-breaching party to suspend performance.'" Carriage House Condominiums GP, Inc. v. Deraimo, 2008 WL 2683113, at *2 (E.D. Pa., filed July 8, 2008), quoting LBL Skysystems (US), Inc. v. APG-America, Inc., 2005 WL 2140240, at *27 (E.D. Pa., filed Aug. 31, 2005). Relevant in determining whether a breach is material are:

- (a) The extent to which the injured party will be deprived of the benefit which he reasonably expected;
- (b) The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
- (c) The extent to which the party failing to perform or to offer to perform will suffer forfeiture;
- (d) The likelihood that the party failing to perform or to offer to perform will cure his failure, taking into account all of the circumstances including any reasonable assurances;
- (e) The extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Restatement (Second) of Contracts § 241.

"'The doctrine of material breach is simply the converse of the doctrine of

substantial performance.' . . . 'The doctrine of substantial performance is "intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical;, inadvertent, or unimportant omissions or defects."'" Carriage House Condominiums, at *3, quoting General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 317 n.8 (3d Cir. 2001); Active Entm't, Inc., v. Harris Miniature Golf Courses, Inc., 1997 WL 1433809, at *182). Whether a breach is material is generally a jury question and a court will not grant summary judgment "unless it concludes that a reasonable jury could find only that Plaintiff's alleged breach was not material." Carriage House Condominiums, at *3 (citations omitted).

Here, the breach in question is plaintiff's failure to ship 15 of 1,263 motion sensors worth a total of $131.25 to defendant as required under paragraph 7 of the settlement agreement. Applying the Restatement criteria, defendant received 1,248 sensors, and therefore can be said to have received the benefit of his bargain. To the extent that he has not, he can be compensated for his loss through a reduction in the contracted amount to be paid to plaintiff – a remedy plaintiff has offered. Requiring plaintiff to forfeit the $24,225 contractual payment because his shipment of sensors was short by 15 pieces would be extreme, particularly in view of plaintiff's reasonable explanation of the shortfall and offer to reduce the contract price by the value of the missing sensors.[2]

---

2 There is no suggestion that the sensors are unique.

In these circumstances, a reasonable jury could not find that plaintiff's breach is material. As such, plaintiff has substantially performed under the settlement agreement. Defendant, as a result, is not excused from paying plaintiff as required by paragraph 7. The payment will be reduced, however, by an amount equal to the admitted value of the missing sensors.

An order accompanies this memorandum.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.