IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALAM ALJAWAD                    :          CIVIL ACTION
                                 :
          v.                     :
                                 :          No. 11-4321
SALAM MAJEED, et al.             :

## MEMORANDUM

Ludwig, J.                                          December 4, 2013

This action arises from a failed business venture. Jurisdiction is
diversity. 28 U.S.C. § 1331. According to the complaint, in May 2010, plaintiff
Salam Aljawad and defendant Salam Majeed entered into a joint venture
whereby they would install energy-saving devices (motion sensors) in hotel
rooms in return for payments that they would share. Complaint, ¶ 8. On March
6, 2011, defendant Majeed, in an e-mail, advised plaintiff he would not
continue with the joint venture. Id., ¶ 14. In the interim, defendant Majeed is
alleged to have received approximately $72,000 on account of work performed
by the joint venture, which he deposited in his own accounts, or business
accounts to which plaintiff did not have access, in violation of their agreement.
Id., ¶ 15.

On June 27, 2011, plaintiff commenced this action against Majeed,
Deborah Majeed, Bedhr Majeed and John Does defendants. All parties are pro
se.[1] By letter dated October 11, 2011, plaintiff advised that the parties had

---

[1] The docket reflects service of the summons and complaint on defendant Salam Mejeed, but not on defendants
Deborah Majeed or Bedhr Majeed. Doc. no. 2.  Though these defendants signed the answer filed on behalf of all
defendants, doc no. 4, they have made no further filings, and have not participated in any court-ordered
conferences.

entered into a settlement agreement. Doc. no. 8. The case was placed in suspense to permit the parties to implement the agreement. Doc. no. 7. When they failed to do so, plaintiff and Salam Majeed were ordered to submit evidence as to whether a settlement agreement had been reached and, if so, how it had been breached. October 10, 2012 order, doc. no. 21. Plaintiff and Salam Majeed made evidentiary submissions, doc. nos. 22 and 23. Based upon the evidence presented, judgment was entered in favor of plaintiff and against Salam Majeed in the amount of $24,093.75. Doc. nos. 24, 25. Salam Majeed appealed, but the appeal was dismissed for lack of jurisdiction because the judgment did not dispose of all of the claims against all of the parties. Doc. no. 32. Accordingly, plaintiff was ordered to show cause why all claims against the remaining defendants should not be dismissed. Doc. no. 33.

In response, plaintiff submitted two letters. In the first, he acknowledged his acceptance of $26,225 in settlement of the claims raised in the complaint, requested that the $24,093.75 judgment be confirmed, and stated that he was willing to dismiss all claims against Deborah and Bedhr Majeed.[2] The second

---

[2] Plaintiff's first August 2, 2013 letter:

       As the original complaint states that Mr. Majeed took more than $100,000 in cash and products from the company, Deborah Majeed and Bedhr Majeed were helping Mr. Majeed in his embezzling this money from the company (the original National Power Solutions, California). In order to solve this matter, I accepted a much less amount of $26,225 to be paid in time (copies of checks and the settlement agreement were provided), but I did not get a single dollar from it. Judge Ludwig awarded me a total of ($24,093.75 after deducting the $131.25 cost of parts), and I accepted this judgment. . . . (it seems that Judge Ludwig did not see the additional check for $2000.00 that was given to me to hold) . . . in addition to all this Mr. Majeed tampered with the Hotel installation contracts that was supposed to be performed by me per our settlement, which resulted in more loses to me.

       In order to collect from Mr. Majeed (since he is hiding all his assets in his relative name and claims poverty), I ask Judge Ludwig as part of a judgment award, to order (TRC Energy Services) to pay any money due to me up to $24,093.75 (Since they are the company that holds the money, and will not disperse any money to me without a court order specifically naming them to do so).

letter retracted plaintiff's agreement to dismiss the claims against Deborah and Bedhr Majeed and requested relief in addition to that provided in the earlier judgment.[3] For the following reasons, the claims against Deborah Majeed, Bedhr Majeed and the John Doe defendants will be dismissed, the judgment against Salam Majeed will be confirmed, and plaintiff's request for further relief will be denied.

---

I am willing to dismiss the case against Mrs. Deborah Majeed and Bedhr Majeed if the judgment is confirmed and to get the ability to collect it from (TRC Energy Services company).

THEREFORE I pray for the following:

A. Keep the judgment awarded to me for $24,093.75.
B. This money judgment is to be attached to the money that Mr. Majeed is expecting to be paid by TRC Energy Services, and the court should order (TRC Energy Services to release the money to SALAM ALJAWAD.
C. Order Mr. Majored [sic] to stop working under the name NATIONAL POWER SOLUTIONS in the states of New Jersey and Pennsylvania.
D. Order MAJEED to stop harassing ALJAWAD's wife by issuing a restraining order against him and not to contact her through any means.

August 2, 2013 letter (doc no. 34) (emphasis in original).

[3] Plaintiff's second August 2, 2013 letter:

It has come to my attention that the Defnedants SALAM MAJEED and DEBORAH COVEY [aka Majeed] is conducting business under a deferent [sic] DBA name with the very same company that award the contracts (TC Energy Services), to avoid paying the judgment when finalized. DEBORAH COVEY is using her name as the contact person, and the name of the companies are GREEN LIFE SYSTEMS & GREEN LIFE CONTROLS, in addition to NATIONAL POWER SOLUTIONS used by SALAM MAJEED.

THEREFORE I pray for the following:

A. Keep the judgment awarded to me for $24,093.75 against all Defendants.
B. This money judgment is to be attached to the money Mr. or Mrs. MAJEED, or Mrs. DEBORAh COVEY is expecting to be paid by TRC Energy Services whether they are using GREEN LIFE SYSTEMS or GREEN LIFE CONTROLS or NATIONAL POWER SOLUTIONS, the court should order (TRC Energy SERVICES) to release the money to SALAM ALJAWAD for the amount of the Judgment.
C. Order Mr. Majeed to stop working under the name NATIONAL POWER SOLUTIONS in the states of New Jersey and Pennsylvania.
D. Order MAJEED to stop harassing ALJAWAD's wife by issuing a restraining order against him and not to contact her through any means.

August 2, 2013 letter (doc. no. 35) (emphasis in original).

## THE SETTLEMENT AGREEMENT DOES NOT PROVIDE A BASIS FOR ENTRY OF JUDGMENT AGAINST DEBORAH OR BEDHR MAJEED

Plaintiff requests that the original judgment against Salam Majeed be confirmed, and that the judgment be entered against Deborah and Bedhr Majeed as well. The judgment against Salam Majeed is based on a finding that a settlement agreement was reached between plaintiff and Salam Majeed. The settlement agreement submitted by plaintiff in support of his request that the agreement be enforced embodies an agreement between plaintiff and Salam Majeed – but not the other defendants. Doc. no. 23. None of the evidence submitted by plaintiff in response to the court's October 10, 2012 order establishes that those defendants were party to the settlement agreement. Further, plaintiff did not submit any evidence in response to the court's more recent show cause order to establish that those defendants were party to the settlement agreement. There is no basis to bind any other party to the terms of that agreement. Accordingly, the judgment cannot be entered against Deborah or Bedhr Majeed.

## THERE IS NO OTHER BASIS TO ENTER JUDGMENT AGAINST DEBORAH OR BEDHR MAJEED

The claims against defendants Deborah Majeed, Bedhr Majeed, and the John Doe defendants should have been dismissed at the time judgment was entered against Salam Majeed, because plaintiff did not submit any evidence as to their involvement in the conduct giving rise to the original claim, or as to their contribution to Majeed's failure to perform under the settlement agreement. Plaintiff did not submit any evidence of this nature in response to

4

the more recent show cause order, either. Plaintiff's second August 2, 2013 letter requested that the claims against those defendants continue because of conduct in which Deborah Majeed is allegedly currently engaged. Doc. no. 35. Allegation of conduct in which a defendant is currently engaged does not provide an evidentiary basis for continuation of a claim premised on conduct that allegedly took place years ago, thus the allegations contained in the August 2, 2013 letter do not provide sufficient cause to continue the claims against Deborah Majeed and those claims will be dismissed. No allegations are made as to Bedhr Majeed in the August 2, 2013 letter, and the claims against him will be dismissed as well.[4]

The judgment against Salam Majeed in the amount of $24,093.75 is confirmed for the reasons set forth in the January 30, 2013 memorandum. All remaining claims are dismissed.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[4] On November 26, 2013, following a conference, plaintiff submitted a "Request Not to Dismiss Deborah Majeed a/k/a Deborah Covey and Bedhr Majeed and to Enter Order Against All Original Defendants." Doc. no. 39. In short, the submission states that Deborah and Bedhr Majeed are still involved in Salam Majeed's business, and for this reason, the claims against them should not be dropped, and their names should be added to the judgment entered against Salam Majeed. As previously stated, the judgment is premised on the existence of a settlement agreement to which Deborah and Bedhr Majeed are not parties. Therefore, there is no legal basis to make them responsible for carrying out the terms of the agreement. Plaintiff has acknowledged his acceptance of the settlement agreement, and may use the judgment previously entered against Salam Majeed, and confirmed herein, to enforce its terms against Salam Majeed. He may not do so against parties who did not agree to be bound by the terms of the original agreement.

Plaintiff also has provided no basis for entry of orders against non-parties, or for the issuance of a restraining order against Salam Majeed, and those requests will be denied.